D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**MARCO ANTONIO ESPINOSA PUGA,**

         **Plaintiff,**　　　　　　**COMPLAINT**

   v.

**CHURN, LLC, VAN LEEUWEN ICE**　　**DEMAND FOR JURY TRIAL**
**CREAM, LLC, BENJAMIN WILLIAM**
**VAN LEEUWEN, PETER VAN**
**LEEUWEN, LAURA O'NEILL,**

         **Defendants.**
-------------------------------------------------------x

      Plaintiff Marco Antonio Espinosa Puga alleges as follows:

**INTRODUCTION**

      1.    Defendants made Plaintiff work back-breaking hours, at times over 100 hours in a week, at their restaurant Selamat Pagi and their ice cream factory Van Leeuwen Ice Creams, without paying his proper overtime wages and at times less than the minimum wage. Defendants did this deliberately with full knowledge that their conduct was illegal.

**JURISDICTION AND VENUE**

      2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over New York state law claims brought under the NYLL as they are so related to the claims in this action

within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant Churn, LLC is a Connecticut Corporation that owned and operated Selamat Pagi Restaurant in Brooklyn, NY.

5. Defendant Van Leeuwen Ice Cream, LLC is a New York Corporation that owns and operates Van Leeuwen ice cream company, which sells retail ice cream and has ice cream stores throughout New York and Los Angeles.

6. Defendant Laura O'Neill owns and manages Van Leeuwen Ice Cream, LLC and Selamat Pagi LLC.

7. Defendant O'Neill was regularly present both at Selamat Pagi and at the ice cream factory during Plaintiff's employment.

8. Defendant O'Neill had direct authority over Plaintiff's employment, his hiring and termination, scheduled hours, and his rate of pay.

9. Defendant O'Neill often conducts public interviews where she holds herself out as running the operations of Selamat Pagi and Van Leeuwen Ice Cream LLC.

10. Defendant Peter Van Leeuwen owns and manages Van Leeuwen Ice Cream, LLC and Selamat Pagi LLC.

11. Defendant Peter Van Leeuwen was regularly present both at Selamat Pagi and at the ice cream factory during Plaintiff's employment.

12. Defendant Peter Van Leeuwen had direct authority over Plaintiff's employment, his hiring and termination, scheduled hours, and his rate of pay.

13. Defendant Peter Van Leeuwen often conducts public interviews where he discusses his active management of Van Leeuwen Ice Cream LLC.

14. Defendant Ben Van Leeuwen owns and manages Van Leeuwen Ice Cream, LLC and Selamat Pagi LLC.

15. Defendant Ben Van Leeuwen had direct authority over Plaintiff's employment, his hiring and termination, scheduled hours, and his rate of pay.

16. Defendant Ben Van Leeuwen has stated publicly that he, Peter Van Leeuwen and Laura O'Neill are " heavily involved in every facet of [the] business," *i.e.* Van Leeuwen Ice Cream, LLC.

17. Plaintiff Marco Antonio Espinosa Puga was employed by Defendants as a dishwasher and prep-cook at Selamat Pagi from 2014 until 2017, when Defendants moved him to Van Leeuwen Ice Cream LLC's ice cream factory, where he worked until the end of 2020.

## FACTS

18. In 2015, Plaintiff worked as a dishwasher/prep-cook at Selamat Pagi restaurant.

19. Plaintiff's regular shifts were Monday-Friday from 3:00 p.m. until about 1:00/1:30 am.

20. Plaintiff was paid a flat weekly salary of $600 with no overtime premium and no "spread of hours premium" for shifts that lasted longer than 10 hours.

21. In 2017, Plaintiff's shifts changed from 9:00 am to 6:30 pm, 5 days per week.

22. Plaintiff continued to be paid a flat salary of $600 with no overtime premium. This amount was also less than the required New York minimum wage in 2017.

3

23. In 2018, Defendants moved Plaintiff to the ice cream factory, where he started as a helper and was paid $18 per hour. Plaintiff was paid "straight" for overtime without any overtime or spread of hours premiums.

24. For example, in the week ending 5/24/2019, Plaintiff worked over 105 hours over six workdays, each of which lasted well over 10 hours. Plaintiff was paid $18 for each of those hours with no overtime premium and no spread of hours premium.

25. In October of 2019, Plaintiff was promoted to mixer and received an increase in pay to $23 per hour. Plaintiff was still not paid any premium for overtime and/or spread of hours premiums. For example, in the week ending 1/3/2020, Plaintiff worked over 86 hours over seven workdays, six which lasted well over 10 hours. Plaintiff was paid $23 for each of those hours with no overtime premium and no spread of hours premium.

26. Plaintiff was paid in cash in an envelope without and wage statements required by NYLL § 195(3).

27. Plaintiff did not receive any "Notice and Acknowledgement of Rate of Pay" when he started his employment at Van Leeuwen Ice Cream, LLC.

## FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

29. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

30. At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for

work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff was entitled to overtime.

31. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.***

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. Defendants knowingly paid Plaintiff less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

34. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

35. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
**New York State Overtime Violations, N.Y. Lab. L.
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

38.     Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

39.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     Defendants did not provide Plaintiff with the notices/wage statements required by N.Y. Lab. Law § 195.

42.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Compensation, N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)

43.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44.     Plaintiff had workdays that lasted more than ten (10) hours.

45.     Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

46. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C. An award of damages, according to proof, including, back pay and liquidated damages to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
February 24, 2021

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands jury trial on all causes of action and claims with respect to which she has a right to jury trial.